UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KURT ROY,

      Plaintiff/Counter-Defendant,

                                   CASE NO.:  8:13-cv-02147-JDW-MAP

v.

FORCELEADER, INC. d/b/a COMTEN
INDUSTRIES, a Florida corporation,

      Defendant/Counter-Claimant.         /

### AGREED PROTECTIVE ORDER

It is agreed by the Parties, through their respective counsel of record, that the Court may enter the following Protective Order.

IT IS ORDERED THAT:

1.      Certain documents that will be produced by the Defendant FORCELEADER, INC., d/b/a COMTEN INDUSTRIES, a Florida corporation (hereinafter "COMTEN") or Plaintiff KURT ROY ("Roy") (collectively or separately "Parties" or "Party") pursuant to this Agreed Order ("Order") are claimed by that Party to be private or of a highly confidential or proprietary nature. The purpose of this Order is to protect the confidentiality and privacy of these documents.

2.      The Parties may, in good faith, designate documents or discovery information "confidential." These documents (hereafter referred to as "Confidential Documents" or "Confidential Information") include but are not limited to documents or testimony which

reveal hiring and salary information, personal medical information, confidential business information, marketing strategies and/or trade secret information.

3.    All Confidential Documents produced by any Party in this case shall be used solely for the purpose of this Action.  Except as provided in Paragraph 17 below, the Confidential Documents shall be made available only to "Qualified Persons" as defined in Paragraph 4.  "This Action" specifically refers to the pretrial proceedings and trial or settlement of *Kurt Roy v. Forceleader, Inc. d/b/a Comten Industries,* United States District Court, Middle District of Florida, Tampa Division, Case No. 8:13-cv-02147-JDW-MAP.

4.    "Qualified Persons" means:

a.    Counsel of record for the Parties;

b.    the legal assistants and regularly-employed office staff of the counsel of record for the Parties;

c.    any and all persons retained by a Party or its attorneys of record to assist in this Action, such as an expert witness, consultants or other technical experts and/or consultants;

d.    any witness being deposed; however, before such disclosure to a witness, the person intending to reveal the document to that witness shall show a copy of this Order to the witness, advise the witness that the confidentiality provisions of this order apply to him or her, and request the witness to sign a copy of this Order;

e.    any court reporter or typist recording or transcribing testimony; and

f.    the Parties to this action, the officers and employees of the Parties whose assistance is necessary to counsel in the prosecution or defense of this action.

5.     No Qualified Person shall reveal to or discuss with any person the existence or contents of any Confidential Document, with the exception of other Qualified Persons.

6.     Confidential Documents shall include all original and copies of any document and/or information any Party has designated as such by stamping the words "Confidential" or in any other reasonable manner appropriate to the form in which the confidential information is made available to the Qualified Persons as defined in Paragraph 4.

7.     Nothing contained herein shall prevent disclosure beyond the terms of this Order if the producing Party consents in writing to such disclosure; or if the Court, after notice to all affected persons, allows such disclosure; or if the Party to whom confidential information has been produced thereunder becomes obligated to disclose the information in response to a lawful subpoena: PROVIDED THAT the subpoenaed Party gives prompt written notice to counsel for the producing Party and permits the producing Party's counsel sufficient time to intervene and seek appropriate relief in the action in which the subpoena was issued.

8.     A Party shall provide written notice to the opposing Party ten (10) business days prior to filing with the Court any Document marked "Confidential" by the opposing Party or any pleading or document revealing the existence of or contents of a Confidential Document or Confidential Information of the opposing Party.  This Notice period will enable the opposing Party to file a motion to place the documents under seal with the Court. Nothing in this Order shall be construed to relieve a Party from complying with the requirements of Local Rule 1.09 and meeting the legal requirements necessary to justify the filing and maintenance of Confidential Documents under seal.

9.      The restrictions on the use and disclosure of information designated as Confidential Information contained herein shall not apply to any information that the Party receiving the information can show:

a.      at the time of disclosure to the receiving Party was readily available to the public; or

b.      after the disclosure to the receiving Party becomes readily available to the public through no fault of the receiving Party (including the officers or employees of a corporate Party) or was disclosed to the receiving Party without any obligation of confidentiality by someone not a Party to this action who was in lawful possession of the information; or

c.      at the time of disclosure to the receiving Party was already known by the receiving Party and not subject to any other confidentiality obligation.

10.     A Party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge. If any Party to this litigation disagrees at any stage of these proceedings with the designation by the designating Party of any information as Confidential Information or the designation of any person as being entitled to receive materials, the Parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court. Exceptions to this Order may be made by the unanimous agreement of all the Parties, and any Party may seek an order of the Court modifying this Protective Order. This Order shall be without

prejudice to any Party to bring before the Court at any time the question of whether any

particular information is or is not, in fact, Confidential Information.

11.     The authorization for the Parties to designate any information as Confidential

Information is intended solely to facilitate the preparation for and trial of this cause, and the

designation shall not be construed in any way as an admission or agreement by the opposing

Party or Parties that the information constitutes or contains confidential or secret information

in contemplation of law. Nevertheless, irrespective of whether the information contains or

constitutes confidential or secret information, no information designated as Confidential

Information shall be disclosed by the receiving Party except pursuant to the specific

provisions of this Agreement or any order that this Court may issue.

12.     All transcripts of depositions, exhibits, answers to interrogatories, copies

thereof, other documents, and all information otherwise obtained by counsel for either Party

to this action pursuant to discovery in this action which are labeled as described above with

the word "Confidential" shall be retained by counsel and shall not be disclosed to others

(except as hereinafter set forth), nor used by anyone other than for purposes of this Civil

Action.

13.     Each Party to this action and any interested person shall, at the time of the

deposition, if possible, but not later than twenty (20) business days following the date of

delivery of the deposition transcript, designate those portions of the deposition testimony

deemed to contain Confidential Information.

14.     Within sixty (60) days after final judgment in or settlement of this Action,

counsel for the Parties shall assemble all originals or reproductions of the opposing Party's

Confidential Documents (excluding any documents that have been filed with the Court) and return them to counsel for the opposing Party or confirm in writing to opposing counsel that they have been destroyed.

15.    So far as the provisions of this or any other Protective Order entered in this action restrict the use of the documents or other discovery materials produced hereunder, such Order shall continue to be binding after the conclusion of this case.

16.    This Order may be modified by stipulation between the Parties which has been approved by the Court, or by application to the Court by noticed motion.

17.    Nothing contained herein shall prevent the submission or disclosure of Confidential Documents, or information contained in one or more Confidential Documents, to any court personnel, including but not limited to, stenographic, secretarial and clerical personnel.

18.    Nothing in this Order shall be construed as a waiver of any rights by any Party with respect to matters not specifically provided for herein.

IT IS SO ORDERED this _13th_ day of _May_____, 2014.

_____

UNITED STATES DISTRICT COURT JUDGE